IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| CHRISTOPHER DANIELS | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | NO. 3:22-cv-00462 |
|  | ) |  |
| MENDBNB, LLC | ) |  |

**TO:** Honorable Aleta A. Trauger, United States District Judge

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered September 12, 2023 (Docket Entry No. 27), this case was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. " 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is the amended motion for summary judgment filed by Plaintiff Christopher Daniels (Docket Entry No. 29).[1] No response to the motion has been filed on behalf of Defendant Mendbnb, LLC. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that judgment be entered in favor of Plaintiff.

## I.  BACKGROUND

Christopher Daniels (Plaintiff) filed this lawsuit on June 18, 2022, against Mendbnb, LLC ("Mendbnb" or "Defendant"), a Georgia company that provides maintenance services for vacation rental properties located in Tennessee and other states. *See* Amended Complaint (Docket Enty No. 14). Plaintiff alleges that he was employed by Defendant from September 2021, to May 2022,

---

[1] Plaintiff's original motion for summary judgment (Docket Entry No. 28) contained an incorrect certificate of service, which was corrected in the amended motion.

as a HVAC repairperson at the properties. *Id*. at 1. He further alleges that he routinely worked over 40 hours per week and that, although he was initially paid overtime, in January 2022, Defendant stopped paying him overtime when he worked more than 40 hours a week and instead paid him a salary with no compensation for overtime work. *Id*. at 2. Plaintiff additionally alleges that Defendant's conduct violated the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and he seeks overtime back pay and liquidated damages in an undetermined amount, as well as statutory attorney's fees and costs. *Id*. at 3.

Defendant appeared through counsel and filed an answer and counterclaim, alleging that Plaintiff had interfered with Defendant's business relationships with its clients and had caused some of the clients to no longer use Defendant's services. *See* Answer and Counterclaim (Docket Enty No. 19). An initial case management order (Docket Entry No. 23) was entered November 22, 2022. Several months later, counsel for Defendant was permitted to withdraw from the case. *See* Order entered June 30, 2023 (Docket Entry No. 27). Defendant has not obtained substitute counsel and is currently not represented by counsel in the case. The case is set for a jury trial on March 19, 2024. *See* Order entered November 22, 2022 (Docket Entry No. 24).

On September 11, 2023, Plaintiff filed the pending motion for summary judgment, seeking summary judgment in his favor on his FLSA claim, as well as summary judgment in his favor on the counterclaim brought by Defendant. Plaintiff seeks an award of $6,223.20 in overtime back pay and $6,223.20 in liquidated damages, for a total judgment in the amount of $12,446.40. He supports his motion with a statement of undisputed material facts (Docket Entry No. 29-1), unanswered requests for admissions that were served upon Defendant during discovery (Docket Entry No. 29-2), his own declaration (Docket Entry No. 30), five other declarations (Docket Entry

2

Nos. 31-35), and a memorandum of law (Docket Entry No. 36). No response to the motion has been filed, nor has Defendant otherwise made any type of filing in the case since its counsel was permitted to withdraw.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if Athe movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.@ Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). A Agenuine issue of material fact is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering whether summary judgment is appropriate, the Court must Alook beyond the pleadings and assess the proof to determine whether there is a genuine need for trial.@ *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir. 2000). The Court must view the evidence and all inferences drawn from underlying facts Ain the light most favorable to the party opposing the motion.@ *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir. 2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. When a motion for summary judgment is properly supported under Rule 56, the non-moving party may not merely rest on the allegations of its pleadings but must respond with affirmative evidence that establishes the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall*

*Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989).

## IV. ANALYSIS

### A. FLSA

The FLSA requires employers to pay their employees "at a rate not less than one and one-half times the regular rate" for work exceeding forty hours per week. 29 U.S.C. § 207(a)(1). Employers who fail to do so may be liable to their affected employees "in the amount of their ... unpaid overtime compensation" and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An employee who claims that he was not paid this overtime rate has the burden of proving that he performed work for which he was not properly compensated. *Viet v. Le*, 951 F.3d 818, 822 (6th Cir. 2020); *Moran v. Al Basit LLC*, 788 F.3d 201, 205 (6th Cir. 2015). To carry this burden, a plaintiff must establish: (1) an employer-employee relationship; (2) that the employee is covered by the FLSA; (3) the employee worked more than forty hours; and, (4) that overtime was not paid. *Whaley v. Henry Ford Health Sys.*, 172 F. Supp. 3d 994, 1001 (E.D. Mich. 2016). Although several exemptions bar FLSA wage claims, the "employer bears the burden of proving that it qualifies for a claimed exemption." *Secretary of Labor*, 925 F.3d 838, 850 (6th Cir. 2019); *Bacon v. Eaton Corp.*, 565 F.App'x 437, 439 (6th Cir. 2014).

### B. Plaintiff's Summary Judgment Motion

Plaintiff's motion for summary judgment should be granted. Defendant has not responded to the motion, has not rebutted Plaintiff's evidence or arguments, and has not supported its defense and counterclaim with any affirmative evidence. Defendant has also not responded to Plaintiff's statement of undisputed material facts as required by Local Rule 56.01(f), which provides that the

facts asserted in a supporting statement of material facts shall be deemed undisputed for the purposes of summary judgment if the non-moving party does not file a timely response to the statement. Accordingly, the Court is permitted to rely upon the facts set forth by Plaintiff as undisputed facts.

After review of Plaintiff's summary judgment materials and argument, the Court finds that Plaintiff has set forth evidence and argument that both (1) shows his entitlement to relief on the FLSA overtime claim that he has brought and (2) establishes a lack of support for Defendant's counterclaim. When a motion for summary judgment is properly supported under Rule 56, such as Plaintiff's motion, the non-moving party must respond with affirmative evidence and/or arguments supporting its legal position. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The Court is not required to make legal arguments on behalf of a party who fails to respond to a dispositive motion. *See Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215, 2000 WL 302998 (6th Cir. 2000); *Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012). *See also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992) ("It seems to us utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion.").[2]

---

[2] Defendant's failure to proceed through counsel is an additional basis for entry of judgment in favor of Plaintiff. Defendant's counsel was permitted to withdraw by order entered June 30, 2023. (Docket Entry No. 27.) No counsel has entered an appearance on behalf of Defendant since that time. It is well settled that a corporation cannot appear in federal court except through an attorney. *S.E.C. v Merklinger*, 489 F. App'x 937, 939-40 (6th Cir. 2012) (citations

## RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that:

1) the motion for summary judgment filed by Plaintiff Christopher Daniels (Docket Entry No. 29) be GRANTED in all respects;

2) a judgment for damages be GRANTED to Plaintiff Christopher Daniels on his FLSA claim and he be awarded a total judgment in the amount of $12,446.40, consisting of $6,223.20 in overtime back pay and $6,223.20 in liquidated damages; and,

3) summary judgment be GRANTED in favor of Plaintiff Christopher Daniels on the counterclaim brought by Defendant Mendbnb.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S.

---

omitted). *See also Rowland v California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better of two centuries … that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted). For purposes of the requirement for counsel, there effectively "is no difference between a corporation and a limited liability company." *Harmer v. Colom*, No. 3:13-00286, 2014 WL 993319, at *1 (M.D. Tenn. March 13, 2014) (internal citations omitted). *See also Wilson v. Acacia Dermatology PLLC*, No. 1:11-CV-00069, 2011 WL 3651779, at *1 (M.D. Tenn. Aug. 18, 2011) (limited liability company has existence separate from its members and managers and may only appear in court through counsel) (internal citations omitted).

140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any other party wishing to respond to the objections shall file a response within fourteen (14) days after being served with a copy of such objections. *See* Federal Rule 72(b)(2) and Local Rule 72.03(b)(2).

                        Respectfully submitted,

                        BARBARA D. HOLMES
                        United States Magistrate Judge

7

Case 3:22-cv-00462   Document 39   Filed 10/24/23   Page 7 of 7 PageID #: 180