IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| CHRISTOPHER DANIELS | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:22-cv-00462 |
| | ) | |
| MENDBNB, LLC | ) | |

TO:  Honorable Aleta A. Trauger, United States District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered December 18, 2023 (Docket Entry No. 46), Plaintiff's motion for an award of statutory attorney's fees (Docket Entry No. 43) was referred to the Magistrate Judge for disposition. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and the requested attorney's fees be awarded to Plaintiff.[1]

### I. BACKGROUND

Christopher Daniels ("Plaintiff") brought this lawsuit against his former employer, Mendbnb, LLC ("Defendant"), a Georgia company that provides maintenance services for rental properties. Based on allegations that Defendant stopped paying him for overtime work, Plaintiff brought a claim for unpaid overtime back pay and other damages pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

Although Defendant initially contested the lawsuit and brought a counterclaim against Plaintiff, Defendant failed to oppose Plaintiff's motion for summary judgment and the Court

---

[1] Report and recommendation is required because this is a post-judgment matter. *See* 28 U.S.C. § 636(b)(1)(A) (permits referral of only pretrial matters for resolution by magistrate judge).

entered an Order on November 16, 2023, granting summary judgment to Plaintiff on his FLSA claim and awarding him overtime back pay and liquidated damages in the amount of $12,446.40. *See* Order (Docket Entry No. 40). The Court also granted summary judgment in favor of Plaintiff on Defendant's counterclaim. *Id*. On November 22, 2023, the Clerk entered a final judgment in the case in accordance with Rule 58 of the Federal Rules of Civil Procedure, *see* Entry of Judgment (Docket Entry No. 41), and Plaintiff filed the instant motion within thirty (30) days as required by Local Rule 54.01(b)(1).[2]

Plaintiff seeks an award of statutory attorney's fees in the amount of $18,650.00. The motion is supported by the declaration of Plaintiff's counsel, R. Scott Jackson, Jr., establishing an hourly rate of $250 and an itemized statement of services establishing that Plaintiff's counsel spent 74.60 hours working on this case. *See* Declaration of R. Scott Jackson (Docket Entry No. 42). Defendant has not opposed the motion.

## II.  ANALYSIS

The Court must award a prevailing plaintiff in an FLSA case "a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b). "An award of attorney fees to a prevailing plaintiff under . . . the FLSA is mandatory, but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (citation omitted); *see also Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 616 (6th Cir. 2021). "Since the FLSA does not discuss what constitutes a reasonable fee, '[t]he determination of a reasonable

---

[2] On February 5, 2024, the Clerk, upon Plaintiff's filing of a Bill of Costs, taxed costs against Defendant in favor of Plaintiff for the amount of $402.00 in accordance with Local Rule 54.01(a). *See* Taxation of Costs (Docket Entry No. 47).

2

Case 3:22-cv-00462    Document 48    Filed 02/15/24    Page 2 of 4 PageID #: 204

fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees.'" *Fegley*, 19 F.3d at 1134 (quoting *U. Slate, Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984)).

In determining the amount of any award under the FLSA, courts begin with calculating the lodestar amount, which is the number of hours worked multiplied by a reasonable hourly rate. *Dean v. F.P. Allega Concrete Const. Corp.*, 622 F.App'x 557, 559 (6th Cir. 2015) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433, (1983)). This calculation "does not end the inquiry," however, as the court must also look to "other considerations that may lead to an upward or downward adjustment, the most critical factor of which is the degree of success obtained." *Id.* (internal quotations omitted). The trial court has considerable discretion in determining the amount of fees to award. *Id*.

The hourly rate requested by Jackson is consistent with the rate found by this Court to be reasonable in other FLSA cases. *See, e.g., Long v. Morgan*, 451 F. Supp. 3d 830, 836 (M.D. Tenn. 2020) (finding that $350 was a reasonable hour rate based on declaration that comparable rates in Tennessee are $350-$400 per hour); *Howard v. Ellis Moving & Storage, LLC*, 2022 WL 1005304, at *4 (M.D. Tenn. Apr. 4, 2022) (finding that $375 and $400 were reasonable hourly rates in 2021). Further, the itemized statement of legal services provided by Jackson likewise appears reasonable and consistent with the time and work typically required to produce a successful result in FLSA litigation and with the litigation needs that were necessary in this case. The Court finds no factors that require a downward adjustment of the requested amount. Considering the Court's familiarity

3

with the efforts expended by counsel in this case, the reasonableness of the requested hourly rate, and the successful outcome that resulted in a judgment against Defendant and an award of damages in favor of Plaintiff, the Court finds that the request for $18,650.00 in attorney's fees is reasonable and that this amount should be awarded to Plaintiff.

### III. RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that Plaintiff's motion for an award of statutory attorney's fees (Docket Entry No. 43) be GRANTED and that attorney's fees in the amount of $18,650.00 be awarded to Plaintiff.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge